Cyprian Webster *against* John Yancy and al.

JUDGE *Saffold* delivered the opinion of the Court.

*Webster* produces a certificate of the Clerk of the Circuit Court of *Monroe* of a judgment recovered by him against *Yancy*, *Pickens*, *Rosseau*, and *Fisher*, on which, as is stated in the certificate, a writ of Error issued at the instance of *Pickens* and *Rosseau*, and moves for affirmance of the judgment of the Circuit Court on the ground that no transcript has been filed of the Record of any case agreeing in description with the case mentioned in the certificate. In resistance of the motion a transcript is referred to (which has been duly filed in this Court) which sets out a judgment in favour of the plaintiff against these four defendants. In the writ of Error by which the transcript is brought up all the parties to the judgment are made parties. The two defendants, at whose instance the writ of Error issued, had a right to obtain and prosecute it, but must do so in the name of all unless upon a rule and summons and severance the others refuse to appear or to join in the assignment of Errors. (Sel. Prac. 404. Yel. 4.) The bond for prosecuting the writ of Error appears to have been executed only by the two defendants, *Pickens* and *Rosseau*, and their securities. But the defendants had a right to the writ of Error without giving any bond. It is only to supersede the execution that the bond was given. If one or more of several defendants give bond with sufficient security, the defendant in Error can have no cause to complain.

It is urged that the citation filed with the transcript is in the name of but two of the plaintiffs in Error. It was the duty of the Clerk of the Circuit Court to issue the citation. If this has been done defectively, his mistake cannot vitiate the Writ, and ought not unnecessarily to prejudice either party.

It is contended that the mis-recital of the parties is calcu-

1, One of several parties to a judgment may sue out a writ of Error in the name of all, and his bond with security is a supersedeas. 2, The citation is in the name only of some of several plaintiffs in Error. The writ of Error will not be dismissed for want of citation; but if necessary a Sci. Fa. will be awarded.

DECEMBER, 1823. culated to surprise. In preparing for a trial on the Record in this Court it would require but little time to correct any such misapprehension. If it should. be suggested that the defendant will sustain any inconvenience from the defect in. the citation, or if he should refuse to appear, the difficulty can be obviated by a scire facias from this Court in the name of the proper parties. The motion for affirmance must be overruled.